
DA 12-0170

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 255N

IN RE THE MARRIAGE OF:

LYNNE M. REUM,

        Petitioner and Appellant,

  and

SELDON D. REUM, SR.

        Respondent and Appellee.

| APPEAL FROM: | District Court of the Twentieth Judicial District, In and For the County of Lake, Cause No. DR 11-57 Honorable C.B. McNeil, Presiding Judge |
|---|---|

COUNSEL OF RECORD:

        For Appellant:

            Brandi R. Ries; Attorney at Law, Polson, Montana

        For Appellee:

            Benjamin R. Anciaux; Attorney at Law, Polson, Montana

Submitted on Briefs:  October 17, 2012

Decided:  November 13, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lynne Reum appeals from the District Court's Findings of Fact, Conclusions of Law and Decree, entered February 21, 2012. We affirm.

¶3 The parties were married in August 2004, but separated in November 2004. Lynne filed for dissolution of the marriage in April, 2011.

¶4 The dispute concerns distribution of the marital estate. In 2008 Seldon inherited money from his mother's estate and received the proceeds of a settlement of a Workers' Compensation claim, based upon an injury he sustained in 1992. Seldon applied part of the settlement and part of the money from his mother's estate toward the purchase of a house. Seldon took title to the house solely in his own name and did not comingle the settlement funds or the inheritance in any account belonging to Lynne.

¶5 Seldon later sold the house back to the person that he bought it from, at a loss of over $20,000, in order to avoid foreclosure. After that sale and satisfaction of the outstanding mortgage, there was about $28,000 left in cash. Lynne claims entitlement to a portion of the $28,000 house sale proceeds. The District Court concluded that the marital estate had a value of negative $18,000.

¶6 The District Court excluded the Workers' Compensation settlement proceeds and Seldon's inheritance from his mother from the marital estate, and therefore excluded the house sale proceeds from the marital estate. Lynne assigns error, arguing that the District Court should have equitably apportioned the proceeds between her and Seldon under § 40-4-202, MCA.

¶7 The obligation of the District Court was to equitably apportion all property and assets belonging to either or both parties. Section 40-4-202, MCA; *In re Marriage of Funk*, 2012 MT 14, ¶ 13, 363 Mont. 352, 270 P.3d 39. Lynne claims that, contrary to *Funk*, the District Court completely excluded the pre-marital property from the marital estate and failed to expressly consider the factors in § 40-4-202(1), MCA. *Funk* was decided just a few weeks before the decree was entered in this case and there is no indication that the District Court or the parties were aware of it. Ultimately, however, "the appropriate analysis is 'whether the district court adequately considered all of the relevant facts of the particular case; whether it considered the statutory factors; and whether it equitably distributed all property and assets accordingly.'" *Nang Loi v. Feeley*, 2012 MT 91, ¶ 16, 365 Mont. 7, 277 P.3d 1195 (quoting *Funk*, ¶ 15). The district court is vested with broad discretion to equitably divide the marital estate under the circumstance of each case. *Funk*, ¶ 6. It is evident that the District Court considered the necessary factors in the determination of the issues in this case. Considering the relevant facts and circumstances, the District Court reached an equitable apportionment of the property and assets of the parties.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions.  The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶9      Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER